UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOUISE BOBO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-701 RLW |
| | ) |
| ALEXANDRA LEVIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Louise Bobo's Motion to Remand (ECF No. 7). Defendant Alexandra Levin opposes the motion and filed a memorandum in opposition. (ECF No. 21). Plaintiff did not file a reply, and the time to do so has expired. For the reasons that follow, Plaintiff's motion to remand is denied.

### *Background*

On May 9, 2021, Plaintiff Louise Bobo filed a lawsuit against Defendant Alexandra Levin in the Twenty-Second Judicial Circuit Court, St. Louis City, Missouri. See Notice of Removal, (ECF No. 1); Petition, (ECF No. 6). In her Petition, Plaintiff alleges she was riding on a bus when Defendant failed to yield and collided with the bus. The Petition alleges that as a direct result of Defendant's negligence, Plaintiff was injured and required medical attention. Plaintiff alleges she suffered pain and will require future medical treatment. Plaintiff seeks damages "in an amount exceeding $25,000.00," in addition to costs, and pre- and post-judgment interest. (ECF. No. 6 at 2.)

On June 16, 2021, Defendant removed the case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. In her Notice of Removal, Defendant asserts Plaintiff

is a citizen of Missouri, who resides in Missouri, while Defendant is a citizen of Maryland, who resides in Maryland. Therefore, according to Defendant, there is complete diversity of citizenship between Plaintiff and Defendant under 28 U.S.C. § 1332. As for the amount in controversy, Defendant asserts in her Notice of Removal that Plaintiff made a demand in which she stated that she requires a right knee arthroscopy that will cost approximately $80,000.00. (ECF No. 1 at 2.)

In moving for remand, Plaintiff argues Defendant has failed to meet her burden of establishing the requisite amount in controversy. Plaintiff faults Defendant for failing to attach to her Notice of Removal any evidence "to meet the 'preponderance of the evidence' requirement." (ECF No. 7 at 2). Defendant also argues a settlement demand is not sufficient evidence to establish the jurisdictional minimum. Defendant filed a memorandum in opposition to the motion to remand, to which she attached a copy of the demand letter from Plaintiff.

*Discussion*

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); City of Univ. City, Missouri v. AT & T Wireless Servs., Inc., 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

This Court has original diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1). The amount in controversy must be proved by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).

When a case is removed, the removing party need not provide evidence of the amount in controversy is its Notice of Removal. Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963, 964 (8th Cir. 2016). A defendant is not required to submit evidence establishing federal-court jurisdiction "unless the plaintiff or the court questions the defendant's claim of jurisdiction." Id. The notice of removal, "'need include only a plausible allegation' that the jurisdictional requirements are met." Id. (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)). When a plaintiff challenges there is diversity jurisdiction, the defendant may show evidence of the amount in controversy by "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3). The Eighth Circuit has recognized "other papers" include "a settlement letter or similar correspondence." Gibson v. Clean Harbors Envtl. Servs., 840 F.3d 515, 521 (8th Cir. 2016).

Here, the Petition does not seek a specific amount of damages, but rather states that Plaintiff seeks in excess of $25,000.00. (ECF No. 6). Missouri Rule of Civil Procedure 55.19 prohibits plaintiffs from explicitly stating a dollar amount or figure of claimed damages. Weirich v. Jones Lange LaSalle Americas, Inc., No. 4:11CV2118MLM, 2011 WL 6945109, at *2 (E.D. Mo. Dec. 30, 2011) (citing Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011). Defendant attached to her memorandum in opposition to the motion to remand a demand letter in which Plaintiff's counsel states that as a result of Defendant's negligence, Plaintiff will require a right knee arthroscopy, which costs approximately $80,000.00. (ECF No. 8, Ex. 1). The Court finds the

3

demand letter, along with the allegations in the Petition, are enough to establish the requisite amount in controversy. Defendant has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00. Raskas v. Johnson & Johnson, 719 F.3d 884, 888 (8th Cir. 2013); Weirich, 2011 WL 6945109, at *2. The Court denies Plaintiff's Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**. (ECF No. 7).

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of July, 2021.